UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

**CIVIL ACTION NO. 25-6-DLB**

**JAKE ROBERT KELLY**                                                           **PETITIONER**

**VS.**                     **MEMORANDUM OPINION AND ORDER**

**CHRISTOPHER ENTZEL, WARDEN**                         **RESPONDENT**

*** *** *** ***

Federal inmate Jake Robert Kelly filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he claims that the Federal Bureau of Prisons ("BOP") is failing to award him certain time credits he has earned pursuant to the First Step Act ("FSA"). (Doc. # 1). The United States Attorney's Office for the Eastern District of Kentucky entered an appearance on behalf of the Respondent and filed a response in opposition to Kelly's petition. (Doc. # 9). Kelly then filed a reply brief in support of his request for relief. (Doc. # 11). Thus, this matter is ripe for a decision.

The Court has fully reviewed the parties' submissions and will **deny** Kelly's petition because he has not demonstrated that the BOP's time credit calculations are incorrect. In his petition, Kelly contends that the BOP incorrectly scored his underlying conviction—inducement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b)—as a violent offense on his Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") assessment. (Doc. # 1). Kelly suggests that his offense is non-violent, and the BOP's error led it to improperly conclude that he had a higher risk of

1

recidivism which, in turn, meant that—at least for a certain period of time—he could not earn as many time credits under the FSA. (*See id.*).

Kelly's argument is simply unavailing. That is because, as the U.S. Attorney's Office points out out, a conviction under § 2422(b) is considered violent for purposes of the BOP PATTERN assessment. (*See* Doc. # 9 at 3 (citing Doc. # 9-1 at 2 and Doc. # 9-3)). Notably, Kelly has not cited any legal authority that suggests this characterization is impermissible. Moreover, as another federal court has said, "Courts that have confronted arguments such as [the petitioner's] have . . . concluded that the determination of an inmate's recidivism risk and his PATTERN risk score are matters entirely committed to the Bureau's discretion." *Conley v. Healy*, No. 5:24-cv-1430, 2025 WL 1509989, at *6 (N.D. Ohio May 28, 2025) (various citations omitted). Thus, Kelly's argument is misplaced.

Kelly nevertheless emphasizes that the BOP apparently coded some other prisoners' § 2422(b) convictions as nonviolent offenses for purposes of their PATTERN assessments. (*See* Doc. # 1). The U.S. Attorney's Office acknowledges that:

> As a result of Kelly's administrative remedy submissions, the BOP became aware of an error in its computer system whereby convictions for violations of 18 U.S.C. § 2422(b) were incorrectly coded as nonviolent offenses in the PATTERN system. This was brought to the attention of the BOP's Office of Information Technology, who corrected the error and uniformly coded 18 U.S.C. § 2422(b) as a violent offense.

(Doc. # 9 at 3 (citations omitted)). Notwithstanding this computer error, Kelly has not demonstrated that the BOP made a mistake in calculating his own PATTERN score. Indeed, as the U.S. Attorney's Office explains, the BOP's "error did not affect Kelly's PATTERN assessment. Otherwise put, coding other prisoners' offenses as nonviolent

2

was incorrect, but had no negative impact on Kelly's PATTERN score because violent was always the correct classification for his offense." (*Id.*). And despite Kelly's arguments to the contrary, he has not established how the BOP's computer error somehow amounts to a violation of his rights such that he is entitled to habeas relief.

Accordingly, it is **ORDERED** that:

(1) Kelly's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) This action is **STRICKEN** from the Court's docket; and

(3) The Court will enter a corresponding Judgment.

This 2nd day of July, 2025.

Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Kelly 0-25-006 Memorandum.docx